MADDOX, Justice
(dissenting).
The conclusion reached by the majority of the Court of Civil Appeals, and by a majority of this Court — that the petitioner cannot reopen the paternity question— seems to be legally correct, because the doctrine of res judicata does apply to paternity cases. I think, however, that it fails to recognize that, as Presiding Judge Robertson points out in his dissenting opinion, there can be exceptional circumstances, such as exist here, when the res judicata principle should not apply.
Here, neither the State nor the mother sought relief from the trial court’s order for the parties to submit to HLA blood tests. Furthermore, this case involves a Rule 60(b), Ala.R.Civ.P., motion, the granting of which is within the sound discretion of the trial court. I agree with Judge Robertson that exceptional circumstances exist in this case — the petitioner should not have to support a child that scientific tests conclusively show, and which an advisory jury has found, is not his biological child.
In interpreting the provisions of Rule 60(b) as they apply to this particular case, in which the trial court retained jurisdiction to make such orders as might be necessary, I would read into the Rule the provisions of Rule 1, Ala.R.Civ.P., which requires that the Rules be construed to ensure justice. The trial judge did what was “just.” I would uphold his determination; therefore, I must disagree with the majority opinion.